[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Stamford.
Wayne Keenev, Esg., Defense Counsel, for Petitioner.
Weiss, Esg., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, then 46 years old, entered a plea of guilty to Possession of Narcotics with intent to sell in vioiation of Connecticut General Statutes § 21a-277 (a). He was sentenced to a term of six years. On the date of the sentencing, he also pleaded guilty to Failure to Appear in the First Degree, in violation of Connecticut General Statutes Sec. 53a-172; Forgery Second in violation of Connecticut General Statutes Sec.53a-139; and Larceny Fourth, in violation of Connecticut General Statutes Sec. 53a-125. He received five years on the Failure to Appear First; five years on the Forgery Second; and one year on the Larceny Fourth degree. All sentences were imposed to run concurrent for a total effective sentence of six years.
On November 7, 1995, officers of state narcotics task force executed a court-ordered search and seizure warrant at the home of Darryl Atterbury. The petitioner was located in a rear bedroom and stated to police he had a few bags of heroin. Officers removed the bed and observed an access door to the bathroom plumbing. Upon opening the door, police found ten glassine bags of suspected heroin.
On February 4, 1996, the petitioner, identifying himself as Petro Barksdale, opened a checking account at First Union Bank. On February 27, 1996, a check payable to Petro Barksdale in the amount of $980.00 was deposited into the checking account. On February 29, 1996, the petitioner, who identified himself as Petro Barksdale, cashed a $900.00 check. On March 1, 1996, the $980.00 check was returned for insufficient funds.
In docket number CR1-111794, the subject was arrested and charged with Possession of Narcotics, Sale of Illegal Drugs, Controlled Substance within 1500 feet of a School/Housing Project and Failure to Appear First Degree. In docket number CR1-1145461, the petitioner was arrested and charged with Forgery Third Degree, Criminal Impersonation and Larceny Fourth Degree.
The petitioner, through his attorney, argues that for ten bags of heroin and a check case, six years seems harsh. He further argues that the petitioner has a heroin addiction, and he fell off his rehabilitation. The petitioner himself conceded he was guilty and claims only to be a user. CT Page 6396
The State of Connecticut argued that the maximum sentence could have been twenty-six years and feels six years is a fair sentence.
The petitioner has a criminal history that dates back to 1975. It would appear that he has at least ten prior felony convictions as well as numerous misdemeanor convictions. Some of his prior convictions include Robbery in the First Degree, Larceny in the First Degree, Burglary in the Third Degree, Possession of Cocaine with Intent to Sell, Violation of Probation, and the list of convictions continues.
The petitioner as stated previously has a lengthy criminal history dating back to 1975. There are not only several narcotics convictions but various violent crimes as well — in all, twenty-three prior convictions leading up to four convictions on which the petitioner seeks review. It is clear that the Sentencing Court took the petitioner's prior record into consideration upon imposing the sentence.
As indicated by the State of Connecticut, the petitioner could have received twenty-six years in prison on these charges. There appears to be no reason that the petitioner should receive any consideration from this Sentence Review Division. The petitioner has a serious propensity toward criminal activity with no reason to believe that behavior is ever going to change.
Protection of the public interest is also a necessary component in determining the appropriateness of a sentence.
The Division can modify a sentence if it is inappropriate or disproportionate pursuant to Section 43-28 of the Practice Book.
Having reviewed this sentence as provided by the Practice Book, we find the sentence to be neither inappropriate nor disproportionate and affirm it.
Iannotti, J.
O'Keefe, J.
Klaczak, J.
Iannotti, Klaczak and O'Keefe, J's, participated in this decision. CT Page 6397